1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   MARK L. HAMPTON,                      )
                                         )
9              Plaintiff,                 )        CASE NO.      C07-468-TSZ-JPD
                                         )
10       v.                               )
                                         )
11                                        )
     BRIAN FLORENCE,                      )        REPORT & RECOMMENDATION
12                                        )
               Defendant.                 )
13   _____)

14                              INTRODUCTION

15          Plaintiff is currently incarcerated in the Federal Detention Center ("FDC") in SeaTac,

16   Washington.  He is proceeding *pro se* and *in forma pauperis* and has submitted a civil rights complaint

17   pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Defendant has

18   moved for dismissal on the ground that plaintiff has not exhausted his administrative remedies.

19   Plaintiff has filed a response and defendant has filed a reply.  Having considered the briefs submitted by

20   the parties, the Court recommends that the complaint and this action be dismissed without prejudice

21   for failure to exhaust.

22                          PROCEDURAL HISTORY

23          On May 7, 2007, plaintiff filed an amended civil rights complaint, after the Court granted him

24   leave to amend his original complaint.  (Doc. #6).  In his amended complaint, plaintiff alleged that

25   defendant, a recreation specialist at FDC, had barred plaintiff from participating in recreational

26   programs in retaliation for plaintiff having questioned the prison's "call-out procedures."  (Doc. #5 at

REPORT & RECOMMENDATION
PAGE - 1

1). On May 18, 2007, the Court directed that plaintiff's complaint be served on defendant.

On July 23, 2007, defendant filed a motion to dismiss, asserting that plaintiff had failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e(a) .  (Doc. #11).  On August 3, 2007, plaintiff filed a response to defendant's motion (Doc. #14), to which defendant filed a reply. (Doc. #15).  Plaintiff filed a supplemental response on August 15, 2007 (Doc. #16), and the matter is now ready for review.

DISCUSSION

Defendant asserts that plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").  *See*  42 U.S.C. § 1997e(a).  Under the PLRA:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner confined in
> any jail, prison, or other correctional facility until such administrative remedies
> as are available are exhausted.

42 U.S.C. § 1997e(a).  This statutory exhaustion requirement applies to actions, such as the present one, brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  In *Porter*, the Supreme Court explained the rationale behind the exhaustion requirement as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and
> improve the quality of prisoner suits; to this purpose, Congress afforded
> corrections officials time and opportunity to address complaints internally
> before allowing the initiation of a federal case.  In some instances, corrective
> action taken in response to an inmate's grievance might improve prison
> administration and satisfy the inmate, thereby obviating the need for litigation.

*Id.* at 524-25 (citations omitted).  Congress did not provide for any exceptions to this exhaustion requirement in its effort to direct prisoners to seek relief first through their own institution's administrative procedures.

The federal Bureau of Prisons ("BOP") has a grievance procedure that provides three different levels of review.  (Doc. #12 at 2-3).  First, a prisoner must file a complaint in the institution where he is incarcerated.  (*Id.*)  If relief is not granted, the prisoner may appeal that decision to the Regional Director.  (*Id.*)  If that appeal fails, a prisoner may appeal to the Central Office.  (*Id.*)

REPORT & RECOMMENDATION
PAGE - 2

1    Here, plaintiff filed his complaint initially with the Regional Director and not with FDC, the

2  institution where the complaint arose.  (Doc. #12, Ex. C).  It was rejected for this reason.[1]  (*Id.*)

3  Plaintiff states that he bypassed the FDC because he was afraid that he would be subjected to

4  retaliation if he filed the complaint at the prison where he was incarcerated.  (*Id.*)  However, as noted,

5  the exhaustion requirement does not contain exceptions for this type of concern by a prisoner.  If

6  plaintiff had filed the complaint at FDC and prison staff had retaliated against him as a consequence,

7  plaintiff could have sought redress by filing a civil rights action such as this one.

8    Thus, it is undisputed that plaintiff did not exhaust his administrative remedies as required

9  under the PLRA.  Consequently, the Court has no choice but to dismiss this lawsuit without prejudice

10  for failure to exhaust.[2]

11                                          <u>CONCLUSION</u>

12    For the foregoing reasons, the Court recommends that the complaint and this action be

13  dismissed without prejudice for failure to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(a).

14  A proposed Order accompanies this Report and Recommendation.

15    DATED this 17th day of September, 2007.

16

17                              _James P. Donohue_____
                                   JAMES P. DONOHUE

18                                 United States Magistrate Judge

19

20

21

_____

22    [1] Plaintiff argues that the complaint was rejected because the BOP determined that the issue he

23  raised "was not sensitive."  (Doc. #12, Ex. C).  However, the full explanation on the rejection notice
    included the statement that plaintiff "should file a request or appeal at the appropriate level via regular

24  procedures."  (*Id.*)  Thus, the complaint was rejected because plaintiff filed it at the wrong level.

25    [2] Plaintiff requests that the Court order BOP to accept his complaint for review, even though
    the time for filing it has expired.  (Doc. #14).  The Court will deny this request, as plaintiff has offered

26  no reason for missing the deadline other than his own decision to abandon the administrative process
    in favor of filing a lawsuit in federal court, a course of action clearly disfavored by *Porter v. Nussle*.

REPORT & RECOMMENDATION
PAGE - 3